UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALISA MARIE B.[1],

    **Plaintiff,**

    v.

                              Civil Action 2:22-cv-2622

                              Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF No. 2.) For the following reasons, Plaintiff's Application is **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is

---
[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*

Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014). Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (internal quotation marks and citations omitted); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.")

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate her inability to pay. Rather, the application reflects that her household income for a family of two is approximately $6500.00 per month or $78,000.00 per year, which is attributable to her spouse's income. (Pl.'s Application, ECF No. 2, at p. 2.) This amount of yearly income places Plaintiff's income at nearly four times the poverty level of income for a family of two.[2] *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the Plaintiff's income was more than twice the federal poverty level). To be clear, the application also reflects monthly

---

[2] A review of the 2023 Federal Poverty Guidelines available at aspe.hhs.gov indicates an annual income level of $19,720.00 or a monthly income level of $2313.00 for a 2-person household.

2

expenses totaling approximately $6514.00.  (Pl.'s Application, ECF No. 1, at p. 3.)   That monthly shortfall, however, is not dispositive under the circumstances here.   Plaintiff's application further reflects cash on hand in the amount of $2100.00, a home valued at $90,000.00, a 2022 vehicle valued at $31,000.00, a 2013 vehicle valued at $2500, and unidentified "other assets" valued at $29,000.00.   Courts routinely look to the availability of these other types of assets in considering an application to proceed *in forma pauperis*.  *See, e.g., Stansberry v. Pappadeaux*, No. 1:22-CV-667, 2023 WL 2133488, at *1 (S.D. Ohio Feb. 21, 2023) (denying motion for leave to proceed *in forma pauperis* where plaintiff's monthly income exceeded his expenses by only $105.95 but plaintiff could pay balance from his admitted savings).

      Considering these other assets, this is not a case where the filing fee poses an undue hardship.  Rather, this is a case in which Plaintiff must "'weigh the financial constraints posed by pursuing her complaint against the merits of her claims.'" *Hines v. Comm'r of Soc. Sec. Admin.*, No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (quoting *Levet*, 2014 WL 3508893, at * 2 (quoting *Behmlander*, 2012 WL 5457466, at *2); *see also Brown v. Dinwiddie*, 280 Fed.Appx. 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in savings account and could thus afford the $455 filing fee for his appeal).  Moreover, these other assets aside, Plaintiff identifies monthly household credit card expense of $950.00, but provides no explanation to allow the Court to conclude that this expense could not reasonably be reduced to address meeting the required filing fee.  *See Muehlfeld v. Comm'r of Soc. Sec. Admin.*, No. 3:23-CV-00225-JJH, 2023 WL 2988316, at *3 (N.D. Ohio Feb. 14, 2023), *report and recommendation adopted*, No. 3:23-CV-225, 2023 WL 3847287 (N.D. Ohio June 6, 2023) (denying *in forma pauperis* application and noting that plaintiff reasonably could reduce phone

and internet charges to pay the filing fee and citing *Lewis v. McKinley County Bd. of Cty. Comm'rs*, 425 F. App'x 723, 732 (10th Cir. June 7, 2011) (adopting district court's reduction of claimed monthly expenses by amounts that were excessive or not for necessities)). This lack of explanation is compounded by Plaintiff's identification of expenses more typically found to cover necessities, *i.e.*, food, medical and dental expenses, insurance, taxes, and transportation costs, as expenses separate and distinct from the monthly credit card expense.

In view of Plaintiff's available income and admitted assets, the Court finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. Accordingly, Plaintiff's Application is **DENIED.** Plaintiff shall remit the full filing fee ($402.00) within **FOURTEEN DAYS OF THE DATE OF THIS ORDER**. Plaintiff is **ADVISED** that her failure to pay the filing fee as directed may result in the dismissal of this action for failure to prosecute. The Court further notes that should Plaintiff succeed in this action, she may be entitled to reimbursement for the monies paid toward the $402 filing and administrative fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Date: September 18, 2023 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE